UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE ILES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HEATHER SHIRLEY, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00517-HBK (PC)<br><br>ORDER TO ASSIGN TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR A FAILURE TO OBEY COURT ORDER AND PROSECUTE ACTION<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Tommie Iles is a state prisoner proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

Plaintiff Iles initiated this action with 18 other inmates by filing a single unsigned civil rights complaint under 42 U.S.C. § 1983 on March 28, 2023. (*See Ricky L. Thomas et al. v. Shirley, et al.*, Case No. 1:23-cv-00470-BAM, Doc. No. 1). On April 5, the assigned magistrate judge, after determining each of the eighteen plaintiffs must proceed in separate civil actions, severed the claims and ordered each plaintiff, including Iles, to submit his or her own signed complaint and either pay the $402.00 filing fee or apply to proceed *in forma pauperis* under 28 U.S.C. § 1915 within 45 days. (Doc. No. 1 at 2-3). The Court enclosed a blank complaint form and *in forma pauperis* application with instructions for Plaintiff's use. (Doc. Nos. 1-1, 1-2). In

the Order severing Plaintiff's case, the Court expressly warned Plaintiff that a failure to comply "will result in dismissal of that Plaintiff's individual action." (Doc. No. 1 at 4, ¶ 7). Plaintiff Iles has failed to timely comply with the April 5, 2023 Order.[1]

## APPLICABLE LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

The undersigned considers each of the above-stated factors and concludes dismissal is

---

[1] In addition to the forty-five (45) days, the undersigned afforded Plaintiff and additional fifteen (15) days for mailing before issuing these Findings and Recommendation.

2

warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, continues to operate under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket if a litigant ceases to litigate his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's April 5, 2023, Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a dismissal of this action. (Doc. No. 1 at 4, ¶ 7).  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to obey a court order and failure to prosecute this action.

## NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   June 5, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4